**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 8, 2026

LETTER TO COUNSEL:

    RE:    *Judy L. v. Frank Bisignano, Commissioner of Social Security*[1]
           Civil No. TJS-25-1771

Dear Counsel:

On June 4, 2025, Plaintiff Judy L. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 12 & 14), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Judy L. filed her applications for DIB and SSI on December 1, 2020. In both applications, she alleged a disability onset date of November 30, 2016. *See* Tr. 21. Her applications were denied initially and upon reconsideration. *Id.* A hearing was held before an ALJ on April 11, 2024. *Id.* The same day, Judy L. withdrew her request for a hearing on her claim for DIB, presumably because her amended alleged disability onset date of December 1, 2020, would have precluded her from receiving DIB benefits. After conducting the hearing, the ALJ issued a written decision in which he concluded that Judy L. was not disabled under the SSA. Tr. 21-32. The Appeals Council denied Judy L.'s request for review, making the ALJ's May 16, 2024 decision the final, reviewable decision of the agency.

The ALJ evaluated Judy L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Judy L. has not engaged in substantial gainful activity since December 1, 2020. Tr. 24. At step two, the ALJ found that Judy L. suffers from the following severe impairments: "morbid obesity, degenerative disc disease of the cervical and lumbar spine, cervical radiculopathy, sacroiliac degenerative joint disease, and carpal tunnel syndrome." *Id.* At step three, the ALJ found that Judy L.'s impairments, separately

_____

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On January 9, 2026, it was reassigned to me.

and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 25-26. The ALJ determined that Judy L. retains the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except:
> • She must be able to stand for 5 minutes after every 25 minutes of sitting;
> • She must be able to sit for 5 minutes after every 25 minutes of standing or walking, during the times when she alters position she is still capable of remaining on task;
> • She can frequently operate hand and foot controls, bilaterally;
> • She can frequently reach in all directions, bilaterally;
> • She can frequently handle, finger, and feel, bilaterally;
> • She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds;
> • She can occasionally balance, stoop, kneel, crouch, and crawl;
> • She cannot work at unprotected heights or around moving mechanical parts;
> • She can occasionally work in extreme cold and vibration; and
> • She would be off task for less than 10% of the workday.

Tr. 27.

At step four, the ALJ determined that Judy L is unable to perform past relevant work. Tr. 29-30. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Judy L. could perform jobs that exist in significant numbers in the national economy, including procurement clerk and telephone solicitor. Tr. 30-31.

Judy L. argues that the Court should remand the case to the agency because the ALJ failed to properly evaluate the medical opinion evidence and because the ALJ improperly substituted his own lay opinion in place of qualified medical opinions.

"Until 2017, ALJs had to give 'controlling weight' to the medical opinion of an applicant's 'treating physician' so long as that opinion was 'well-supported . . . and [was] not inconsistent with the other substantial evidence in the case record.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604 (4th Cir. 2025) (quoting *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384 (4th Cir. 2021)); 20 C.F.R. § 416.927(c)(2). The 2017 amendment to the Social Security regulations changed how ALJs evaluate medical opinion evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). Under the new rule, ALJs must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a). Instead, they "shall consider all evidence available in [the] record," 42 U.S.C. § 423(d)(5)(B), and "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 416.920c(a); *see also id.* § 416.920c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (including length of treatment), (4) specialization, and (5) other factors (including the source's familiarity with other evidence and with the disability program's policies and evidentiary requirements). *Id.* § 416.920c(c)(1)-(5).

Supportability and consistency are the "most important factors." 20 C.F.R. § 416.920c(a). Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 416.920c(c)(2).

The ALJ provided the following evaluation of the medical opinion of Lauren Haines, DPT:

> Based upon the objective results of a functional capacity evaluation she performed in January of 2024, Lauren Haines, DPT, opined that the claimant would be incapable of performing even sedentary exertion (Ex. 11F at 6; see Ex. 18F). She noted that the claimant exhibited "poor form and unsafe mechanics with squatting, stepping, kneeling, and climbing, with pain and weakness limiting her ability to lift["] (Ex. 11F at 6). Such a degree of functional limitation is well-supported by the objective results of her evaluation (Ex. 11F at 4-5). However, it is not fully consistent with the longitudinal treatment records or the claimant's self-reported daily activities.

Tr. 29.

In evaluating Haines' opinion, the ALJ touched on the two most important factors for evaluating medical opinion evidence, supportability and consistency. But the ALJ's explanation of how he considered the consistency factor is deficient. The ALJ notes that Haines' opinion is "not fully consistent" with Judy L.'s longitudinal treatment records or her self-reported daily activities, but he says nothing more. The medical record in this case exceeds 2,000 pages. It is unclear which parts of the record the ALJ believed to be inconsistent with Haines' opinion. Without knowing the parts of the record the ALJ viewed to be inconsistent with Haines' opinion, it is impossible for the Court to determine whether the ALJ's finding is logically sound. While an ALJ is not required to discuss all relevant evidence, they must "offer[] a sufficient rationale in crediting certain evidence and discrediting other evidence." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023). Here, the ALJ's conclusory rationale falls short.

The same goes for the purported inconsistency between Haines' opinion and Judy L's activities of daily living. The ALJ noted evidence of Judy L.'s activities of daily living in the record, including an April 2021 treatment note that states that she "[e]xercises regularly by walking and working out at a gym" (Tr. 566) and a January 2024 physical therapy assessment that states she "watches her 4 year old [granddaughter] during the day which include[s] movie watching and preparing her lunch" (Tr. 857). Tr. 28. The ALJ also noted that during a February 2023 consultative examination, Judy L. was able to complete paperwork by herself (and perform certain physical movements without difficulty).

The daily activities that the ALJ cites are sparse and apparently self-contradicting. While Judy L. may have claimed in April 2021 that she "exercises regularly" and "work[s] out at a gym," in January 2024 she stated that she is unable to even step in or out of a bathtub, that she cannot

3

stand long enough to cook or wash dishes, that she cannot carry a laundry basket or load the washer and dryer by herself, and that it takes her 90 minutes to fold one load of laundry, considering all the breaks she must take. Although the ALJ cited the January 2024 treatment note in the decision, he did not address its discrepancy with the April 2021 treatment note he cited in the same section.

The Court cannot reconcile the ALJ's partial rejection of Haines' opinion with the evidence of daily activities that the ALJ cited. Further, it appears that all of the daily activities that the ALJ relied upon in rejecting Haines' opinion are sporadic, and not sustained. *See, e.g.*, *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (concluding that an ALJ improperly "failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week"). "An ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). This is the very mistake that the ALJ made here.

If the ALJ believes that Haines' opinion is inconsistent with the longitudinal evidence of record, the ALJ must explain how that is so. A general statement that Haines' opinion is "not fully consistent" with the longitudinal treatment record will not suffice. The ALJ must specify which parts of the record are not consistent with Haines' opinion so that the Court can review the ALJ's findings for substantial evidence. And if the ALJ finds that Judy L.'s activities of daily living are inconsistent with Haines' opinion, the ALJ must offer a fulsome explanation of why this is the case. The activities that the ALJ cited in the decision subject to review appear quite limited and mostly consistent with Haines' opinion. But because it is not the Court's function to review the evidence in the first instance or to reweigh the ALJ's credibility findings, the Court leaves it to the ALJ on remand to consider this evidence and explain how it is consistent or inconsistent with Haines' opinion.

Because the ALJ failed to comply with the regulations in evaluating Haines' opinion, the case will be remanded for further proceedings. The Court declines to address the claimant's alternative argument for remand and expresses no opinion on the ultimate issue of whether Judy L. is disabled.

Both parties' motions for summary judgment (ECF Nos. 12 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge

4